UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ANY MOUNTAIN, INC.,  No. 04-12989

                    Debtor(s).
_____/

Memorandum on Motion for Reconsideration
_____

      The estate of Chapter 11 debtor in possession Any Mountain, Inc., includes a valuable leasehold interest in the commercial real property at 2350 Junipero Serra Boulevard, Daly City, California. The landlord is Vasilios Glimidakis.

      Any Mountain filed its Chapter 11 petition on December 23, 2004. In it schedule of executory contracts and unexpired leases, it listed several commercial leases and identifies Glimidakis as the landlord at "Daly City property, lease expires July 2005, 3 5 year options." Any Mountain had only one lease in Daly City.

      Bankruptcy Code § 365(d)(4), as it provided at the time, required a Chapter 11 debtor in possession to assume or reject a commercial lease within 60 days of filing unless the court fixed a different date within those sixty days; if the debtor failed to obtain an extension, the section provided that the lease is deemed rejected and the debtor is required to immediately surrender possession to the landlord.

      On February 19, 2005, Any Mountain filed a motion for additional time to assume or reject all of

1

its commercial leases. The motion included the Daly City lease, although it again did not specifically identify the property. However, it identified as the landlord "Financial Investment Mgt," which was the notice party designated by the landlord in the lease. Along with the motion, Any Mountain filed a notice of hearing and a certificate of service showing that both Financial Investment Mgt and Glimidakis were served. In addition, both were specifically identified in the certificate of service as "landlords." At the hearing on March 19, 2005, the court granted the motion and extended the time to assume or reject to April 22, 2005.

Any Mountain made further motions with the same notice on April 9, 2005 and May 20, 2005. The court granted both motions.

On July 6, 2005, Any Mountain made a motion to assume and assign several leases, including the Daly City lease. Glimidakis was again identified as a landlord, although this time one number in his street address was changed in error.

The original buyer of the lease rights decided that it did not want the Daly City lease. A representative of Any Mountain then contacted both Glimidakis' real estate broker and a sublessee to see if they were interested in the obtaining the lease rights. The sub-lessee expressed an interest and a sale was noticed, at which time another party appeared and outbid the sub-lessee. The sale resulted in a net benefit to the estate of $380,000.00.

Because the successful bidder was not the party who was noticed, the court required Any Mountain to give Glimidakis an opportunity to object if he felt the buyer was not creditworthy. Glimidakis then appeared for the first time, arguing that he should be given an opportunity to bid and that he had some legitimate objection to the buyer. The court ruled that Glimidakis had no standing to seek to reopen the bidding and that the buyer was sound enough to give Glimidakis adequate assurance of future performance. It then granted Any Mountain's motion to assume the lease and assign it to the high bidder.

Glimidakis filed a notice of appeal. He then filed a motion for a stay pending appeal and a motion for reconsideration arguing, for the first time, that the lease expired by operation of § 365(d)(4) due to inadequate notice and had been forfeited. The court now addresses only the notice issue, having

1 separately dealt with the stay pending appeal.

2 The result Glimidakis now seeks is very harsh, and abhorrent to any court of equity. He would have the estate forfeit $380,000.00 to his windfall, even though he admits that the lease was never in default. Nonetheless, the court would be compelled to this result if Glimidakis had been denied due process to which he was entitled. However, a review of the facts and the law establishes that Glimidakis was fairly noticed and that his due process rights have not been violated.

Once a party has knowledge of a bankruptcy, he has some responsibility to act diligently to determine how it affects him. *In re Coastal Alaska Lines, Inc.*, 920 F.2d 1428, 1430-31 (9th Cir. 1990). While the motions regarding the lease in question were somewhat vague, Glimidakis was specifically given notice as a landlord and was identified as such. He could have easily reviewed the list of executory contracts and unexpired leases and determined that Any Mountain had only one commercial lease in Daly City so the motion must affect his rights in that property. The slight investigation needed to determine all of the relevant facts means that Glimidakis was afforded due process.

More importantly, however, is the fact that due process rights are not involved where a debtor is seeking merely to extend the time to assume or reject a commercial lease, because the debtor is seeking only to maintain the status quo. *In re Victoria Station Inc.*, 875 F.2d 1380, 1385-86 (9th Cir. 1989). Although Glimidakis was in fact given fair notice, an inadvertent failure to do so would still not result in the forfeiture Glimidakis seeks.

For the foregoing reasons, Glimidakis' motion for reconsideration will be denied. Counsel for Any Mountain shall submit an appropriate form of order.

Dated: January 11, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge