**Entered on Docket**
**May 08, 2006**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ANY MOUNTAIN, INC.,  No. 04-12989

                Debtor(s).
_____/

Memorandum on Objection to Fees of Counsel for Creditors' Committee
_____

       In this Chapter 11 case, the Creditors' Committee hired two law firms to represent it: Kronish Lieb Weiner & Hellman of New York as principal counsel and Cooley Godward LLP as local counsel. The committee was made up of sophisticated trade creditors, and its members had been involved in substantial negotiations with the debtor prior to its bankruptcy filing. The Kronish firm had represented the creditors in these negotiations.

       The court would characterize the outcome of this case as so-so. The debtor lost money while in Chapter 11, supporting the position taken by the Committee from the start that liquidation was best for them. However, the debtor was able to sell its business as a going concern, not realizing as much as an immediate liquidation but obtaining a decent sale price and preserving its employee's jobs.

       The Kronish and Cooley firms have applied for total fees and expenses of about $300,000.00 and $160,000.00 for the case. The debtor has objected. This is not a surplus case, so there is no possibility of any of the sale proceeds filtering down to the equity holders; fees to the committee's counsel come out of the pockets of only the unsecured creditors. Debtor's counsel represents that the debtor objects out of

1

its "fiduciary obligation to the estate," notwithstanding lack of a pecuniary interest. The court has been on the bench far too long to believe such nonsense, and believes that the objection is the result of long-standing animosity in the case between the Committee and the debtor started by the Committee's opposition to the continued operation of the debtor and gleefully prolonged by debtor's counsel when he entered the case.[1]

The court has reviewed the fee applications of the Kronish and Cooley firms in detail and finds nothing of merit to the debtor's objection. While there is some duplication of services, as is inherent any time there are two firms involved, it is not extensive or abusive. Their hourly rates are typical for attorneys with their level of expertise in their geographic locales. Most importantly, the fees are being paid by the creditors who hired them, so this is not a case of OPM.[2] While the creditors certainly could have incurred much lower fees by hiring a single Santa Rosa firm rather than a New York firm and a San Francisco firm, this was their call and they are footing the bills.

The debtor objects to the fees of the Cooley firm on grounds of conflict of interest. The debtor admits that it signed a waiver after written disclosure and that the California Rules of Professional Conduct permit the representation, but argues, without any support in the law, that "the Bankruptcy Code does not permit the parties to negate the conflict by execution of a waiver." The sole cite in support of this novel position is not a case at all, but rather a bare notation to an unpublished Appellate Panel decision. The court finds no merit to the debtor's position. Even if it had merit, the debtor is estopped from raising the objection after signing the waiver and allowing the Cooley firm to incur significant fees in reliance on it.

For the foregoing reasons, the debtor's objections will be overruled and the fees of the

---

[1] The debtor's objections were also clearly a tit-for-tat reaction to the Committee's more meritorious objection to the fees of debtor's counsel filed a few days earlier.

[2] "Other People's Money." The court is very sensitive to situations where attorneys' fees are to be paid by someone other than the persons who hired them. Classic situations are when the fees of a creditors' committee are being paid by the debtor in a surplus case or when an over-secured creditor's fees come out of the bankruptcy estate.

2

1 Committee will be allowed as filed.  Counsel for the Committee shall submit an appropriate form of
2 order.
3 Dated:  May 8, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

3