UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ANY MOUNTAIN, INC.,                                           No. 04-12989

                          Debtor(s).
_____/

Memorandum on Objection to Fees of Debtor's Counsel
_____

        In this case, counsel for the debtor David Chandler seeks an award of $363,870.00 in fees even though his time spent on the case times his normal hourly rate results in a fee of only $239,470.00. He attempts to justify the increased fee by arguing that he should be entitled to an enhanced fee for a "superior result" in the case. The court is less than impressed with the outcome of the case and Chandler's case for an enhanced fee.

        The court would characterize the outcome of this case as so-so. The debtor lost money while in Chapter 11, supporting the position taken by the Committee from the start that liquidation was best for the estate. However, the debtor was able to sell its business as a going concern, not realizing as much as an immediate liquidation but obtaining a decent sale price and preserving its employees' jobs.

        In what appears to be a case of billing rate envy, Chandler seeks to multiply his time spent by the hourly rate of the New York counsel hired by the Creditors' Committee. When Chandler is paying Manhattan office rent and prevailing New York wages for his staff the court may consider allowing him New York billing rates. In the absence of any evidence that any of his other clients are paying him such

1

1 rates, the court is not inclined to award them in this case.   The court notes that the money to pay
2 Chandler's fees comes out of the pockets of the creditors, who wanted the case liquidated from the
3 beginning with sound reason.  In fact, had the ultimate outcome been any less favorable the court would
4 be considering the Committee's argument for a reduction in Chandler's fees.
5      For the foregoing reasons, Chandler's fees will be allowed in the amount of $239,470.00.  His
6 expenses will be allowed as filed.  Chandler shall submit an appropriate form of order.

Dated:  May 11, 2006

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

2