UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ANY MOUNTAIN, INC.,                                                                No. 04-12989

Debtor(s).
_____/

Memorandum and Order on Motion to Allow Late Claim
_____

In most cases, missing the bar date for claims in a bankruptcy case is fatal to the claimant. Section 502(b)(9) of the Bankruptcy Code forbids allowance of a late claim unless the claim is considered timely pursuant to the Federal Rules of Bankruptcy Procedure; Rule 3002(c) of those rules specifies the time for filing claims and Rule 9006(b)(3) prohibits the enlargement of time other than provided by Rule 3002(c). However, there is a single exception: if the case is a Chapter 11 case, the failure to file a timely claim was due to excusable neglect and there has been no prejudice, the court may allow a late claim to be deemed timely. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993); *In re Coastal Alaska Lines, Inc.*, 920 F.2d 1428, 1433n9 (9th Cir. 1990).

Prior to the commencement of the this Chapter 11 case on December 23, 2004, a former employee of the debtor, Alan Wallsten, had filed an action against the debtor in state court for wrongful termination. The debtor duly noted the existence of the lawsuit in its statement of affairs, but neglected to schedule Wallsten as a creditor.[1] However, on January 10, 2005, defense counsel in the state court case faxed to Wallsten's counsel a copy of the court's notice of filing containing the name of the case and the case number. For some unexplained reason, Wallsten's counsel read the note at the bottom stating that "you will receive additional notice from the court setting forth important deadlines" and assumed that she would be sent a notice

---

[1] The claim should have been scheduled and identified as "disputed."

1

of the claims bar date even though she knew the notice had not been sent to her by the court.

The claims bar date of April 21, 2005, came and went with no claim by Wallsten. He finally filed a claim for $150,000.00 on August 24, 2006. By this time a liquidating Chapter 11 plan had been confirmed, the estate had been largely liquidated, and dividends to unsecured creditors had commenced. The debtor has objected to the claim as late, and Wallsten has asked for enlargement of the bar date so that his claim can be considered timely.

The court does not buy Wallsten's arguments that he was the victim of active deception. There were two oversights which caused this situation: the debtor did not properly schedule the claim and his counsel did not act diligently when given notice of the bankruptcy. At the time she received notice, the claims bar date was more than three months away. It does not take a bankruptcy expert to know that a claim needed to be filed, and knowledge of the claims bar date is usually imputed to someone with notice of the bankruptcy in plenty of time to file a claim. *In re Coastal Alaska Lines*, supra, at 1433-34.

However, the court finds that the neglect of Wallsten's counsel was excusable. Under *Pioneer*, it does not take much to establish excusable neglect by counsel, and the first mistake was made by the debtor. While the court would have no difficulty disallowing the claim due to counsel's neglect if prejudice were shown, in the absence of prejudice the neglect should be excused and the claim allowed.

Generally speaking, prejudice is not established just because a creditor's dividend will be reduced to the amount it would have received if a late action had been timely. *In re Arnold*, 252 B.R. 778, 786-88 (9th Cir. BAP 2000). There is no indication that any creditor would have changed its vote on the plan if Wallsten's claim had been timely, or that a different plan would have resulted. Prejudice might be established if the assets remaining in the estate were insufficient to litigate the merits of the claim, but there is no evidence of this.[2] Nor is there any evidence that the long delay in seeking allowance of the late claim has allowed witnesses to disappear or otherwise prejudiced the debtor's ability to contest the merits of the claim. There

---

[2]The debtor's sole witness testified only that there was "no budget" for defending Wallsten's claim, not that there were no funds. It appears from his testimony that some assets remain to be liquidated.

2

has been some prejudice due to the distributions which have already been made, but this can be mitigated by not requiring any disgorgement and merely limiting Wallsten's recovery to future distributions until he has received a dividend equal to those already received by other unsecured creditors, as Wallsten has offered.

A bankruptcy court may condition equitable relief so as to avoid prejudice. *In re Arnold*, at 789. Accordingly, the court will grant Wallsten's motion and deem his claim timely on the following terms:

1. All of the conditions offered by Wallsten's counsel on the record will be deemed conditions of the court's order allowing the late claim including, without limitation, that there will be no disgorgement of dividends already paid to creditors and that Wallsten will not attempt to seek a higher allowed amount than the $150,000.00 stated in the claim.

2. The motion is not granted to the extent Wallsten seeks allowance of punitive damages.

3. The court anticipates a speedy and economic adjudication of the merits of the Wallsten claim before this court. The court reserves the right to reconsider this matter if Wallsten takes any actions which unnecessarily make liquidation of his claim beyond the economic ability of the estate or seeks to have his claim litigated in any other court.

4. The debtor may seek a temporary stay of all matters relating to the merits of the claim upon a showing that there are not sufficient funds on hand to meet the costs of litigation.

5. No further dividends shall be paid to unsecured creditors until Wallsten has received a dividend equal to that already paid to them. Thereafter, Wallsten shall share dividends with the unsecured creditors. Until the Wallsten claim is finally adjudicated, the debtor shall segregate in its counsel's trust account the dividend payments on account of Wallsten's claim based on the maximum amount claimed of $150,000.00.

Counsel for Wallsten shall submit an appropriate form of order which counsel for the debtor has approved as conforming to this ruling.

Dated: February 23, 2007

3

Alan Jaroslovsky
U.S. Bankruptcy Judge